**NS**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARIA JESSE<br>5511 Albin Drive<br>Greenacres, FL 33463<br><br>vs.<br><br>H&J RESTAURANT MANAGEMENT<br>d/b/a MCDONALDS<br>43 Latham Court<br>Doylestown, PA 18901 | : **09   2344**<br>:<br>: NO.<br>:<br>: JURY TRIAL DEMANDED<br>: **FILED**<br>:<br>: MAY 19 2009 |

## COMPLAINT

### INTRODUCTION

1. This is a claim brought by Plaintiff Maria Jesse, individually, who was treated discriminatorily and suffered wrongful termination as a result of reporting the misconduct of certain employees of the Defendant corporation. Plaintiff brings these claims under the Pennsylvania Human Relations Act and the Common Law Statutes of the Commonwealth of Pennsylvania as well as Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000E et seq. as amended by the Civil Rights Act of 1991.

2. Plaintiff Maria Jesse, by and through her counsel, seeks a sum in excess of $100,000.00 in damages upon the cause of action whereof the following is the statement.



## JURISDICTION

3. Jurisdiction is conferred upon this Court by 28 U.S.C. Section 1331 and Section 1343, 42 U.S.C. Section 2008-5(f)(3) which provides for original jurisdiction of Plaintiff's claims arising under the laws of the United States and over actions to secure equitable and other relief.

4. The Court has jurisdiction over Plaintiff's claims under the statutory and common law of the Commonwealth of Pennsylvania pursuant to supplemental jurisdiction as codified by 28 U.S.C. Section 1367.

5. Named Plaintiff, Maria Jesse has exhausted all administrative remedies having filed timely complaints of discrimination with the Equal Employment Opportunity Commission as required in the individual statutes and has taken all other necessary action before bringing this before this Court.

## VENUE

6. All actions complained of herein have taken place within the Jurisdiction of the United States District Court for the Eastern District of Pennsylvania and involve Plaintiff who resided within its jurisdictional limits and the time complained of and a Defendant who performs business within its jurisdictional limits.

7. Venue is accordingly invoked pursuant to the dictates of 28 U.S.C. Section 1391(b) and 1391(c).

**PARTIES**

8. Plaintiff Maria Jesse is a female citizen of the United States and a resident of the Commonwealth of Pennsylvania residing at 5511 Albin Drive, Greenacres, FL 33463 and was at all times relevant hereto an employee of Defendant H&J Restaurant Management d/b/a McDonalds.

9. Defendant H&J Restaurant Management d/b/a McDonalds is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania and has a principal place of business at 43 Latham Court, Doylestown, PA 18901 and at all times material hereto acted through its agents, servants, workmen and/or employees all within the course and scope of their duties.

**FACTUAL ALLEGATIONS**

10. This action for declaratory, monetary and other appropriate relief is brought by Plaintiff Maria Jesse to address intentional violations by the Defendants of rights secured to the Plaintiff by the laws of the United States and the statutory and common laws of the Commonwealth of Pennsylvania.

11. Plaintiff commenced employment with Defendant in and around November 2006.

12. At all times material hereto, Plaintiff worked at Defendant's store in Plumsteadville, PA.

13. At all times material hereto, Plaintiff performed her duties in a good,

competent and workmanlike manner.

14. On or about February 19, 2007, Plaintiff was harassed by an Assistant Manager, Quinzel Parks, who grabbed his genital area and said, "Would you like to see my cock, black guys are bigger and mine is bigger than your fiancee's."

15. Plaintiff immediately reported this action to Carlos Erazio, the Manager.

16. On February 20, 2007, Plaintiff was informed by Erazio that she was being suspended pending investigation while no action was taken against Mr. Parks.

17. Following Plaintiff's complaints about the behavior of Mr. Parks, Plaintiff began to suffer disparate treatment at the hands of the Defendants, including, specifically, suspension and termination.

18. Said disparate treatment included selective enforcement of policies and unwarranted discipline for offenses not committed.

19. Said disparate treatment was in retaliation for Plaintiff having complained about the outrageous conduct of Mr. Parks, and was not related to any valid work reason.

20. Said disparate treatment was the direct result of the Defendants' perception of the Plaintiff as a troublemaker for complaining about Mr. Parks' harassment.

21. Said disparate treatment was the direct result of, and in clear manifestation

of, the Defendants' refusal to fairly assess the Plaintiff's complaints of the Plaintiff as required by law.

## COUNT I

22. Plaintiff repeats and re-alleges paragraphs 1 through 21 as though fully set forth herein.

23. Defendant violated the Anti-retaliation Provisions of the Civil Rights Act of 1964, 42 U.S.C. Section 2000E-3a in that it harassed and retaliated against the named Plaintiff for having discussed the individual Defendants' acts and practice of discrimination as well as Plaintiff's reporting of the improper sexually harassing conduct of the Defendants.

24. Specifically, Plaintiff was reprimanded and summarily discharged with her work actions belittled and her abilities questioned after reporting the harassing conduct that Plaintiff received upon discussing said actions with management personnel of the Defendant.

## COUNT II

25. Plaintiff repeats and re-alleges paragraphs 1 through 24 as though fully set forth herein.

26. Defendant violated provisions of the Commonwealth of Pennsylvania Human Relations Act and discriminated against Plaintiff as evidenced by

inter alia:

a. establishing and maintaining a policy of impropriety and disparaging conduct to Plaintiff during the course and scope of the workday including Defendant's failure to discipline improper conduct;

b. allowing Plaintiff's supervisors such as Parks to harass her as a result of his communication with management personnel as to Defendants' conduct; and

c. Allowing sexually harassing and improper conduct to occur within the cafeteria of the Defendant's establishment with the acquiescence of acknowledgment of Defendant's management.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Maria Jesse respectfully requests that this Honorable Court:

1. enter a declaratory judgment that Defendants acted as complained of herein and violated and continued to violate the rights of Plaintiff as indicated by federal and state legislative enactments;

2. award to Plaintiff punitive and exemplary damages against Defendant in an adequate and monetary amount;

3. award to Plaintiff damages for emotional distress, humiliation, loss of self esteem, the loss of life's pleasures and the loss of ability to provide for herself and her family;

4. grant the above-named Plaintiff liquidated and consequential damages in

accordance with appropriate federal and state statutes;

5. grant to Plaintiff pre-judgment interest in the appropriate amount;

6. grant to Plaintiff costs, disbursements and reasonable attorney fees;

7. grant to Plaintiff such other relief this Honorable Court deems just and proper under the circumstances of this case.

Respectfully submitted,

HARRY J. KANE, JR., ESQUIRE
Saffren & Weinberg
815 Greenwood Avenue, Suite 22
Jenkintown, PA 19046
(215) 576-0100
Attorney for Plaintiff
kbozarth@saffwein.com